IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Rockford Acquisition, LLC,       )
                                 )
    Plaintiff,              ) Case No. 11 C 50366
                                 )
vs.                              )
                                 )
Harrison Kishwaukee, LLC,        )
                                 ) Judge Philip G. Reinhard
    Defendant.              )

**ORDER**

For the reasons stated below, this case is dismissed for lack of subject matter jurisdiction.

**STATEMENT-OPINION**

Plaintiff, Rockford Acquisition, LLC n/k/a Rockford Products, LLC is the tenant under a real property lease ("Lease") with defendant, Harrison Kishwaukee, LLC. Plaintiff became the tenant under the Lease as part of a transaction in which it acquired the assets of a debtor in bankruptcy, Rockford Products Corporation ("Debtor"). The assets were purchased via an asset purchase agreement ("APA") and acquired free and clear of all interests pursuant to 11 U.S.C. § 363 (b) & (f). In conjunction with the asset sale to plaintiff, Debtor assumed the Lease under 11 U.S.C. § 365, and then assigned it to plaintiff pursuant to an "Assumption and Assignment of Lease" document ("Assumption and Assignment").[1] The bankruptcy court entered an order ("Sale Order") on November 15, 2007, authorizing the Debtor to assume the Lease, approving the APA, and authorizing the sale free and clear of interests ("363 Sale"). After the 363 Sale, plaintiff assumed the obligations of the Debtor under the Lease to the extent those obligations arose after the November 16, 2007 execution of the Assumption and Assignment.

The Lease contains a provision requiring the tenant to maintain the roof in good repair. Defendant commenced a specific performance action in state court to compel plaintiff to make necessary roof repairs. The state court deferred ruling in favor of a bankruptcy court decision on the matter. Plaintiff filed this action in the bankruptcy court as a motion seeking to enforce the Sale Order asserting the state court action violated the Sale Order. A "federal court has continuing authority to enforce its orders after a case has been closed," In the Matter of Rockford Products Corporation, 741 F.3d 730, 732 (7th Cir. 2013), citing Travelers Indemnity Co. v.

---

[1] Debtor had originally owned the real estate but sold it to defendant and leased it back in December 2006.

1

Bailey, 557 U.S. 137 (2009), so the bankruptcy court took up the motion to enforce and ruled in favor of defendant. Plaintiff appealed [1] and this court remanded to the bankruptcy court with instructions [20] [21]. Defendant appealed [22] this remand order to the court of appeals, which dismissed the appeal for lack of appellate jurisdiction [34]. In its opinion, dismissing the appeal, the court of appeals noted issues it believed needed to be addressed by this court or the bankruptcy court including whether, after Stern v. Marshall, __ U.S. __, 131 S. Ct. 2594 (2011) the bankruptcy court had authority to "enter an order effectively disposing of a state-law claim by a person (Landlord) who did not file a claim in the bankruptcy or otherwise consent to the claim's disposition by a bankruptcy judge." In the Matter of Rockford Products Corporation, 741 F.3d at 732. In light of the Stern v. Marshall issue raised by the court of appeals, this court withdrew the reference of this matter from the bankruptcy court [36]. 28 U.S.C. § 157(d). Defendant now moves to dismiss this action to enforce the Sale Order for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

The state court case is a specific performance action based on an alleged breach of the terms of the Lease requiring plaintiff to maintain the roof in good repair. The question here is whether the Sale Order limited in any way defendant's right to seek enforcement of the roof repair terms of the Lease. When plaintiff initially brought this motion to enforce the Sale Order in the bankruptcy court, the bankruptcy court found defendant's action to compel plaintiff to repair the roof did not violate the Sale Order. The bankruptcy court, in a statement on the record in open court explaining its decision, stated defendant only seemed to be "asserting a post-assumption breach of contract" and was seeking to enforce the ongoing obligations to keep the roof in good repair that plaintiff "chose to assume."

On appeal of this order to the district court, this court remanded the matter to the bankruptcy court. The only evidence in the record concerning the condition of the roof was the affidavit of Richard Mowris ("Mowris Affidavit"), plaintiff's president, who was formerly employed by Debtor. His affidavit stated the roof leaked at numerous locations prior to Debtor's December 2006 sale and leaseback transaction with the defendant and that it continued to leak at the time of the 363 Sale from Debtor to plaintiff. This court, in deciding to remand the matter to the bankruptcy court, concluded based on its reading of the Sale Order (which contained a provision setting at zero the amount required to cure any default under Lease), the APA, the Mowris Affidavit, and Section 365 of the Bankruptcy Code, that the Sale Order precluded defendant from seeking to enforce defaults that existed prior to assumption of the Lease by Debtor and its assignment to plaintiff and that these defaults included any roof defects that were in need of repair at that time. While the Court of Appeals dismissed defendant's appeal from this remand order for lack of appellate jurisdiction, it suggested in its opinion doing so that this court ought to take another look at this court's treatment of this matter.

The court of appeals, in discussing the bankruptcy court's ruling on the motion to enforce the Sale Order, said: "The [Sale Order's] effect, Judge Barbosa stated, is limited to blocking a demand for damages on account of pre-discharge events. Landlord wants a prospective remedy, not damages. Continuing federal authority over such a state-law claim could be supported only

2

under the 'related-to-bankruptcy' jurisdiction supplied by 28 U.S.C. § 1334(b), and because the bankruptcy has long been closed, and no creditor's interest could be affected, there is nothing to which the state proceedings could be related." In the Matter of Rockford Products Corporation, 741 F.3d at 732. (citations omitted.) While this portion of the opinion is technically *dicta*, it is a clear indication from the court of appeals that federal subject matter jurisdiction may be lacking over this dispute.

The Sale Order contained fairly comprehensive language limiting the liability of plaintiff, as the buyer at the 363 Sale, from any liabilities predating the Sale Order. The Sale Order, which by its terms was binding on all creditors (including defendant), provided that plaintiff was acquiring the assets (which included the property subject to the Lease) free and clear of all claims and interests of any type whatsoever whether known or unknown and that any person or entity with any interests or claims against or in the assets arising under or out of the assets was forever barred from asserting such claim against the plaintiff. The Sale Order provided that except as expressly set forth in the APA, the plaintiff would have no liability for any liability or obligation arising under or related to the assets. The APA expressly stated plaintiff was not assuming any liabilities relating to the assets arising prior to the closing. The APA expressly provided plaintiff was assuming any and all liabilities relating to the assets that "first arise on or after the Closing Date." The APA contained an express representation that "no event has occurred or circumstance exists which, with the delivery of notice, passage of time or both" would constitute a breach or default under the Lease. The APA called for the delivery of an estoppel certificate from the landlord. This estoppel certificate does not appear to be in the record so it is unknown whether defendant provided an estoppel certificate or whether it certified, in line with Debtor's representation, that "no event has occurred or circumstance exists which, with the delivery of notice, passage of time or both" would constitute a breach or default under the Lease. The Assignment and Assumption of Lease document executed by Debtor and plaintiff and accepted by defendant in the First Amendment to Lease said plaintiff assumed all "obligations under the Lease to the extent arising after the date hereof as modified by that certain First Amendment to Lease."

A federal court has continuing authority to enforce its orders after a case is closed. Travelers, 557 U.S. at 146. However, this case is not simply one of enforcing the Sale Order. The First Amendment to Lease (entered after the Sale Order) provided that the "Lease, as herein amended, is hereby ratified and confirmed and shall remain in full force and effect."[2] While defendant was bound by the terms of the Sale Order upon its entry, plaintiff and defendant were certainly free to amend the Lease after its assumption by plaintiff in such a way that plaintiff gave

---

[2] The First Amendment to Lease also contained specific provisions stating plaintiff would not be responsible for any environmental matters or conditions relating to a period of time prior to the effective date of the assignment of the Lease from Debtor to plaintiff. Defendant argues this shows plaintiff was only free from liability for pre-assignment environmental matters or conditions and therefore assumed liability for all pre-assignment non-environmental liabilities and conditions notwithstanding any provisions in the Sale Order or APA to the contrary.

up what it had gotten in the Sale Order in terms of protection against liability for pre-assumption obligations. Whether, and to what extent, the First Amendment to Lease or any subsequent actions or agreements of the parties changed the parties' rights and obligations as they existed upon entry of the Sale Order, whether a lease obligation of a tenant to keep a roof in good repair requires it to put the roof in a better condition than it was in when the tenant entered into its tenancy (if, in fact, it actually was not in "good repair" at the time the tenancy was entered) and whether and to what extent defendant is entitled to specific performance under the facts, are matters of state law for the state court to determine.

While a federal court has continuing authority to enforce its orders, this case involves a dispute whether subsequent events – the import of which are governed by state law – changed the parties' rights and obligations as they existed upon the entry of the Sale Order and whether and to what extent specific performance is available under state law as a remedy to defendant under the existing facts. As such, plaintiff is not so much asking the court to enforce the Sale Order as it is asking the court to decide the impact of the First Amendment to Lease, subsequent actions of the parties, and Illinois law on the parties' rights and obligations as they existed upon the entry of the Sale Order. It is for the state court to determine these issues. As the court of appeals noted, "[c]ontinuing federal authority over such a state-law claim could be supported only under the 'related-to-bankruptcy' jurisdiction supplied by 28 U.S.C. § 1334(b), and because the bankruptcy has long been closed, and no creditor's interest could be affected, there is nothing to which the state proceedings could be related." In the Matter of Rockford Products Corporation, 741 F.3d at 732.

Plaintiff argues that since it would have an administrative expense claim in the bankruptcy proceeding against the Debtor based on misrepresentations in the APA if it is found to be liable for pre-assignment roof defects, that this confers subject matter jurisdiction on this court. However, any potential liability of the Debtor to plaintiff is a separate question from the dispute between plaintiff and defendant. A misrepresentation by the Debtor does not affect the dispute between plaintiff and defendant. The resolution of the plaintiff-defendant dispute depends on the factors discussed in the last two paragraphs above. Whether the Debtor did or did not tell the truth in its APA representation is not relevant to resolving that dispute.

For the foregoing reasons, this case is dismissed for lack of subject matter jurisdiction.

Date: 9/30/2014                                ENTER:


_____
United States District Court Judge

Notices mailed by Judicial Staff. (LC)